IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DIANA BAZZELLE                                                                                           PLAINTIFF

v.                                          Case No. 4:15-cv-4088

COMPASSPOINTE HEALTHCARE
SYSTEM d/b/a MAGNOLIA
HEALTH AND REHABILITATION                                                                 DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Compass Pointe Healthcare System's Motion for Judgment on the Pleadings. (ECF No. 20). Defendant moves the Court to dismiss Plaintiff Diana Bazzelle's claims pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff filed a response opposing the motion. (ECF No. 24). Defendant filed a reply in further support of its motion. (ECF No. 25). The Court finds this matter ripe for consideration.

### I. BACKGROUND

This case is an employment-discrimination action brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Family Medical Leave Act of 1993 ("FMLA"). Plaintiff is an African American woman who worked for Defendant from August 2014 to January 2015. Plaintiff alleges that Defendant engaged in discriminatory practices against her on the basis of age and race, retaliated against her for filing a charge with the Equal Employment Opportunity Commission ("EEOC"), and improperly denied her medical leave pursuant to the FMLA. On December 4, 2014, Plaintiff filed a charge of discrimination with the EEOC, and the EEOC issued a Notice of Right to Sue on June 12, 2015. On July 17, 2015, Plaintiff filed a charge of retaliation with the EEOC. On September 11, 2015, Plaintiff

filed the present lawsuit against Defendant.[1]  On September 16, 2015, the EEOC issued a Notice of Right to Sue related to Plaintiff's second charge.

On August 20, 2010—prior to beginning work for Defendant—Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Arkansas.  In addition to her Petition, Plaintiff filed sworn schedules describing her assets and indicating that she did not have any contingent legal claims.  Periodically throughout the bankruptcy case, Plaintiff amended her schedules to update her income and expenses.  On December 18, 2015, the bankruptcy court issued an Order Discharging Debtor, discharging $52,312.43 of Plaintiff's unsecured claims without payment.  On March 22, 2016, the bankruptcy case was closed.  It is undisputed that at no time during the bankruptcy case did Plaintiff amend her bankruptcy petition or schedules to include her employment claims in the present lawsuit.

In the instant motion, Defendant argues that Plaintiff's claims should be dismissed pursuant Federal Rule of Civil Procedure 12(c).  Defendant argues that because Plaintiff failed to disclose her employment claims in the present lawsuit during her now-closed bankruptcy case, she asserted inconsistent claims in two courts of law—this Court and the bankruptcy court.  Defendant states that, by discharging Plaintiff's unsecured debts, the bankruptcy court adopted the position that Plaintiff's employment claims did not exist.  Defendant claims that Plaintiff's nondisclosure was not an inadvertent or good-faith mistake, and that Plaintiff would gain an unfair advantage if allowed to proceed in this case.  Defendant concludes that the doctrine of judicial estoppel operates to prohibit Plaintiff from proceeding in the present case, and thus dismissal pursuant to Rule 12(c) is proper.

In response to Defendant's motion, Plaintiff claims that her bankruptcy action was filed several years before the present lawsuit, and that the present lawsuit was not an "obvious asset."

---

[1] Plaintiff initially proceeded *pro se* in this lawsuit (ECF No. 1) but later retained counsel.  (ECF No. 7).

Without citing any supporting authority, Plaintiff argues that there was no "clear" inconsistency between the two positions taken, that nothing in the record suggests that this Court or the bankruptcy court was misled, and that she would be harmed by dismissal of her case. Plaintiff concludes that the motion should be denied.

In its reply to Plaintiff's response, Defendant argues that according to Eighth Circuit caselaw, Plaintiff has taken clearly inconsistent positions in the two matters. Defendant reiterates its argument that, by discharging Plaintiff's unsecured debts, the bankruptcy court adopted the position that her employment claims did not exist. Defendant argues further that, if not estopped, Plaintiff would enjoy an unfair advantage because she had a motive to conceal her employment claims from the bankruptcy court and did so, thus impairing the interests of both her creditors and the bankruptcy court. Defendant concludes that the Court should grant its motion for judgment on the pleadings and dismiss Plaintiff's case in its entirety.

## II. STANDARD

For a motion for judgment on the pleadings under Rule 12(c), a court shall apply the same legal standard as it does for a motion to dismiss under Rule 12(b)(6). *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). To survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). In deciding a Rule 12(b)(6) motion, courts are required to accept all of the complaint's well-pled allegations as true and resolve all inferences in the plaintiff's favor. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933 n.4 (8th Cir. 2012).

When considering a motion for judgment on the pleadings, a court must generally ignore all materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1357, at 376 (2004).  However, courts may consider "some materials that are part of the public record or do not contradict the complaint . . . as well as materials that are necessarily embraced by the pleadings." *Porus Media Corp.*, 186 F3d at 1079 (internal quotation marks omitted); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").  Judicial records are considered part of the public record.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (recognizing "a general right to inspect and copy public records and documents, including judicial records and documents") (footnote omitted); *see also Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (stating the court would consider a judgment entered in a federal bankruptcy case because "[courts] may take judicial notice of judicial opinions and public records").  The Eighth Circuit has instructed that EEOC charges are also within the public record.  *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002).

Defendant submitted five exhibits with its Motion for Judgment on the Pleadings: (1) the voluntary petition filed by Plaintiff in her bankruptcy case; (2) the docket sheet from Plaintiff's bankruptcy case; (3) the charge of discrimination Plaintiff filed with the EEOC; (4) the charge of retaliation Plaintiff filed with the EEOC; and (5) the final report and account filed by the trustee in Plaintiff's bankruptcy case.  The Court finds all five exhibits to be part of the public record. Thus, the Court takes judicial notice of these five exhibits and will consider them in the instant Motion for Judgment on the Pleadings.

### III. DISCUSSION

A court invokes judicial estoppel when a party abuses the judicial forum or process by making a knowing misrepresentation to the court or perpetrating a fraud on the court. *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). Judicial estoppel is an equitable doctrine which "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The purpose of the doctrine "is to protect the integrity of the judicial process and to prevent parties from playing fast and loose with the courts by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.*

Courts use a three-factor test to determine whether to apply judicial estoppel: (1) whether a party's later position is "clearly inconsistent" with its previous position; (2) whether the party succeeded in persuading the first court to accept its position; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage . . . if not estopped." *Stallings*, 447 F.3d at 1047 (quoting *New Hampshire*, 532 U.S. at 750-51). The Court will now analyze each of the three *New Hampshire* factors to determine whether to apply judicial estoppel in this case.

#### A. "Clearly Inconsistent" Positions

The first factor requires that a party's later position be "clearly inconsistent" with its previous position. *New Hampshire*, 532 U.S. at 750. "A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed." *Stallings*, 447 F.3d at 1047 (internal quotation marks omitted). In a bankruptcy context, "a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.*

Plaintiff argues that her claims in this matter were not obvious assets. Plaintiff asserts that, in the bankruptcy case, she listed all assets she was aware of. Plaintiff argues further that nothing in the United States Bankruptcy Code states that "a lawsuit, the prosecution of which is costing you money, and which you very well may lose, is an asset." (ECF No. 24). The Court is not persuaded by Plaintiff's arguments because Eighth Circuit precedent clearly states that Chapter 13 debtors who do not amend their bankruptcy schedules to reflect post-petition causes of action risk adopting inconsistent positions in courts. *See, e.g.*, *Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1033 (8th Cir. 2016); *Stallings*, 447 F.3d at 1049.

The Court finds that Plaintiff took inconsistent positions in her bankruptcy case and this matter. On August 20, 2010, Plaintiff filed for Chapter 13 bankruptcy and filed sworn schedules indicating that she had no contingent legal claims. On September 11, 2015, Plaintiff filed an amended complaint in this lawsuit after obtaining two EEOC right-to-sue letters. On December 18, 2015, the bankruptcy court discharged Plaintiff's unsecured debts, and the bankruptcy case was closed on March 26, 2016. Throughout the course of her bankruptcy case, Plaintiff periodically amended her schedules to reflect her income and expenses. However, Plaintiff concedes that she never amended her schedules to include her employment claims as assets, despite having nearly three months to do so prior to the bankruptcy court's discharge of her debts and nearly seven months prior to the close of her bankruptcy case. Thus, the Court finds that Plaintiff adopted inconsistent positions in this Court and the bankruptcy court regarding her employment claims. Therefore, the Court finds that the first *New Hampshire* factor favors the application of judicial estoppel.

### B. Judicial Acceptance of First Position

The second factor requires that the bankruptcy court must have adopted the debtor's position. *New Hampshire*, 532 U.S. at 750. A bankruptcy court effectively adopts a debtor's

6

position that no contingent legal claims exist if the court discharges a debtor's unsecured debts based on schedules provided by the debtor, and the debtor has not included known, contingent legal claims in the schedules. *See Van Horn v. Martin*, 812 F.3d 1180, 1183 (8th Cir. 2016). Conversely, if a bankruptcy court does not discharge debts based on information provided in the debtor's schedules, there is no judicial acceptance of a position. *Stallings*, 447 F.3d at 1149.

Plaintiff argues that nothing in the record suggests that either this Court or the bankruptcy court was misled. Plaintiff states that the trustee in the bankruptcy case is now aware of her employment claims, and has standing to seek to intervene. The Court is not persuaded by Plaintiff's arguments.

The Court finds that the bankruptcy court accepted Plaintiff's previous position. In *Stallings*, the Eighth Circuit found that the bankruptcy court had not accepted an inconsistent position because the bankruptcy court did not discharge the debtor's debts based on provided information, but instead granted the bankruptcy trustee's motion to dismiss. *Id.* The facts of this case differ because the bankruptcy court discharged Plaintiff's unsecured debts based on the information Plaintiff provided, which did not mention her employment claims. By discharging Plaintiff's unsecured debts, the bankruptcy court effectively adopted Plaintiff's position that she had no contingent legal claims. *See Van Horn*, 812 F.3d at 1183; *Jones*, 811 F.3d at 1033. Therefore, the Court finds that the second *New Hampshire* factor favors the application of judicial estoppel.

### C. Unfair Advantage or Unfair Detriment

The third *New Hampshire* factor requires that "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 751. An inadvertent failure to disclose does not warrant the application of judicial estoppel. *Stallings*, 447 F.3d at 1048. A debtor's failure to

7

disclose claims is inadvertent only when the debtor "lacks knowledge of the undisclosed claims or has no motive for their concealment." *Jones*, 811 F.3d at 1033 (quoting *Stallings*, 447 F.3d at 1048).

Plaintiff argues that she would be harmed by dismissal of this case. Plaintiff states that Defendant is without standing in the bankruptcy case and should not attempt to protect the bankruptcy trustee or Plaintiff's creditors. Plaintiff argues that Defendant is the only party that would gain an unfair advantage from dismissal of this case.

The Court is mindful of the Eighth Circuit's instruction that judicial estoppel is an extraordinary remedy and should not be applied when a party's prior position was taken as a good-faith mistake. *Stallings*, 447 F.3d at 1048. Plaintiff's response to the motion does not explicitly argue that her failure to disclose her employment claims was an inadvertent, good-faith mistake—thus making the application of judicial estoppel improper—although this argument can be inferred from her statement that she was unaware that her employment claims were assets. Assuming *arguendo* that Plaintiff intended to make a good-faith argument, however, the Court's analysis does not change.

In *Stallings*, the Eighth Circuit opined that a debtor in a bankruptcy case who subsequently receives a right-to-sue letter from the EEOC and fails to amend the bankruptcy materials to include the civil claims shall be estopped from bringing that lawsuit because the debtor "knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court." *Id.* This case contains the same facts as that illustration: Plaintiff filed for Chapter 13 bankruptcy and, prior to close of her bankruptcy case, she obtained two right-to-sue letters from the EEOC and filed a civil lawsuit against Defendant without ever listing her claims in her bankruptcy schedules as assets. It is undisputed that Plaintiff was not only aware of the existence of her employment claims while her bankruptcy case was still pending, but that she

8

actively pursued them by filing this lawsuit. However, Plaintiff never disclosed her claims to the bankruptcy court prior to its discharge of her unsecured debts and the close of her bankruptcy case. Additionally, Eighth Circuit precedent provides that under this case's set of facts, Plaintiff had a motive to conceal her employment claims from the bankruptcy court. Because Plaintiff admittedly had knowledge of the claims, and Plaintiff also had motive to conceal the claims, the Court finds that Plaintiff's nondisclosure was not an inadvertent, good-faith mistake.

The Court finds that Plaintiff would benefit from an unfair advantage if judicial estoppel is not applied. If Plaintiff had disclosed her employment claims to the bankruptcy court, the "trustee could have asked the bankruptcy court to order her to make any proceeds from a potential settlement available to her unsecured creditors." *Van Horn*, 812 F.3d at 1183. After she failed to disclose the claims, the bankruptcy court discharged her unsecured debts and closed her bankruptcy case. Plaintiff obtained judicial relief from the bankruptcy court on the representation that no claims existed, and the Court will prohibit her from subsequently "resurrecting such claims and obtaining relief on the opposite basis." *Stallings*, 447 F.3d at 1048. Therefore, the Court finds that the third *New Hampshire* factor favors the application of judicial estoppel.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Judgment on the Pleadings (ECF No. 20) should be and hereby is **GRANTED**. Plaintiff's case is hereby **DISMISSED WITH PREJUDICE**. Defendant's pending Motion to Stay All Deadlines (ECF No. 22) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 18th day of November, 2016.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge

9